IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | | |
|---|---|---|
| JENNIFER MYERS, ROGER MYERS, | ) | |
| | ) | |
| Plaintiffs | ) | 1:25-CV-00028-RAL |
| | ) | |
| vs. | ) | RICHARD A. LANZILLO |
| | ) | CHIEF MAGISTRATE JUDGE |
| PRESTON MANAGEMENT, INC., | ) | |
| | ) | MEMORANDUM OPINION ON |
| Defendant | ) | DEFENDANT'S MOTION TO DISMISS |
| | ) | |
| | ) | IN RE: ECF NO. 7 |
| | ) | |

Defendant Preston Management Inc. ("Preston") has moved under Fed. R. Civ. P. 12(b)(6) to dismiss the Complaint filed by Plaintiffs Jennifer Myers ("Mrs. Myers") and Roger Myers ("Mr. Myers"). ECF No. 7. Plaintiffs' Complaint alleges that Preston, their former employer, violated Section 510 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1140, by terminating their employment in retaliation for Mrs. Myers' having complained about Preston's failure to timely remit employee contributions to their 401(k) accounts. *See* ECF No. 1. Preston argues that Mr. Myers lacks standing to assert his claim and that Plaintiffs' Complaint fails to allege facts to support essential elements of a Section 510 claim on behalf of either Mrs. or Mr. Myers. The motion has been fully briefed and is ripe for decision. *See* ECF No. 8 (Preston's Brief); ECF No. 13 (Plaintiffs' Brief). For the reasons explained herein, Preston's motion will be denied.[1]

---

[1] All parties have consented to the jurisdiction of a United States Magistrate Judge under 28 U.S.C. § 636(c).

I. Standard of Review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a Rule 12(b)(6) motion to dismiss, the court must accept as true all factual allegations of the complaint and views them in a light most favorable to the plaintiff. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008) (citing *Worldcom, Inc. v. Graphnet, Inc.*, 343 F.3d 651, 653 (3d Cir.2003). In making its determination under Rule 12(b)(6), the court is not opining on whether the plaintiff is likely to prevail on the merits; the plaintiff must only present factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citing 5 C. Wright & A. Miller, Federal Practice, and Procedure § 1216, pp. 235-36 (3d ed. 2004)). Furthermore, a complaint should only be dismissed pursuant to Rule 12(b)(6) if it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

While a complaint does not require detailed factual allegations to survive a motion to dismiss, it must provide more than labels and conclusions. *Id.* at 555. A "formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Moreover, a court need not accept inferences drawn by a plaintiff if they are unsupported by the facts alleged in the complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Nor must the court accept legal conclusions disguised as factual allegations. *See Twombly*, 550 U.S. at 555; *McTernan v. City of York, Pennsylvania*, 577 F.3d 521, 531 (3d Cir. 2009) (instructing that the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions").

II. Factual Allegations of the Complaint[2]

On May 26, 2015, Mrs. Myers began employment at Toyota of Erie, a predecessor to Preston. She later became Toyota of Erie's Controller and remained in that position when Preston subsequently acquired that company. Mr. Myers began his employment at Toyota of Erie as a salesperson on February 6, 2006. He advanced through various positions until he became the company's Sales Manager, a position he continued to hold when Preston acquired the company.

Preston is the Plan Sponsor of the Preston Management, Inc. 401(k) Plan ("Plan"), an employee benefit plan in which both Mrs. and Mr. Myers participated. On April 26, 2023, a co-worker alerted Mrs. Myers to concerns regarding her quarterly 401(k) statement. *See* ECF No. 1-1, p. 1. Mrs. Myers checked her own statement and noticed that "the last contribution was made on January 23, 2023 for a check date January 12, 2023." *Id.* On April 27, 2023, Mrs. Myers, in her capacity as Controller, complained to Preston's chief financial officer about the company's failure to make timely deferral deposits into employee 401(k) accounts during the first quarter of 2023. *See* ECF No. 1, ¶19; ECF No. 1-1. United States Department of Labor regulations require that employers remit participant contributions to 401(k) plans within 15 days of receipt by payroll deduction. *See* 29 CFR 2510.3-102(b)(1); ECF No. 1, ¶ 20. Mrs. Myers' complaint included that delayed remittance of 401(k) contributions could cause a participant to incur investment losses.

In response to her complaint, Preston's chief financial officer advised Mrs. Myers that he had sent a check to cover contributions for 180 employees in the beginning of April, 2023, but that he was not going to cover any investment losses employees may have incurred due to the late payment. On May 5, 2023, Mrs. Myers informed the dealership's general manager, Josh Bakuhn, that two employees had resigned their positions due to the late deposits to their 401(k) accounts,

---

[2] In accordance with the foregoing standard of review, the following factual allegations of the Complaint are accepted as true for purposes of Preston's motion to dismiss.

3

among other reasons. She informed Bakuhn that the late deposits "were an issue" and that "people had lost money due to them being deposited late." ECF No. 1-1, p. 2.

On May 8, 2023, Preston terminated the employment of both Mrs. Myers and Mr. Myers. Preston's stated reason for firing Mrs. Myers was that her interactions with other employees caused them to leave the company. ECF No. 1, ¶ 9. Its stated reason for terminating Mr. Myers was that he had "curbed" a vehicle, which meant that he had either purchased a customer's trade vehicle or a vehicle a person intended to sell to the dealership or purchased a vehicle from the dealership and then sold it for a profit. *Id.*, ¶ 17. Both reasons were false. Preston's actual reason for both terminations was Mrs. Myers' "insistence as Controller on compliance with [Preston's] legal obligation to timely make participant contributions to their 401(k) accounts…". *Id.*, ¶ 19.

III.   Discussion and Analysis

    A.   Mr. Myers has constitutional and statutory standing to assert his claim.

To bring his ERISA claim against Preston, Mr. Myers must have both constitutional and statutory standing to do so. *Edmonson v. Lincoln Nat. Life Ins. Co.*, 725 F.3d 406, 415-19 (3d Cir. 2013). To support constitutional standing, a plaintiff must demonstrate that (1) he has suffered "an injury-in-fact that is concrete and particularized and actual or imminent, as opposed to conjectural or hypothetical"; (2) a "causal connection" exists "between the injury and the conduct complained of"; (3) it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Id.* at 415 (citations omitted). "Statutory standing is simply statutory interpretation," and exists so long as "the remedies provided for in ERISA allow the particular plaintiff to bring the particular claim." *Id.* at 419 (citing *Graden v. Conexant Sys. Inc.*, 496 F.3d 291, 295 (3d Cir.2007)). Based on the allegations of the Complaint, Mr. Myers has both constitutional and statutory standing to pursue his ERISA claim.

First, Preston does not appear to dispute Mr. Myers' constitutional standing. Preston does not contest that he sustained an injury-in-fact—the loss of his employment—or that a causal connection exists between its alleged unlawful conduct and the injury-in-fact or that a favorable decision is likely to redress the injury through reinstatement to his position. Instead, Preston's attack on his standing focuses on the elements Mr. Myers must support to pursue his ERISA claim. Its statutory arguments against standing are equally unavailing.

ERISA was enacted to "protect ... the interests of participants in employee benefit plans and their beneficiaries." 29 U.S.C. § 1001(b). In this case, Mr. Myers seeks equitable relief in the form of reinstatement and backpay under Section 502(a)(3) of ERISA. This provision authorizes a plan participant or beneficiary to bring a civil action "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." 29 U.S.C. § 1132(a)(3). *See also*, *Mertens v. Hewitt Assocs.*, 508 U.S. 248 (1993) (holding that ERISA § 502(a)(3) permits plan participants to bring civil actions to obtain "appropriate equitable relief" to redress violations of ERISA or a plan). A "participant" is defined as an employee, current or former, eligible to receive benefits under a covered plan, 29 U.S.C. § 1002(7), and a "beneficiary" is defined as a person designated by a participant or the terms of the plan to receive some benefit from the plan. *See id.* § 1002(8).

The Complaint supports that Mr. Myers is both a "participant" and a "beneficiary" under ERISA. *See* ECF No. 1, ¶¶ 22-23. It specifically alleges that since 2006, Mr. Myers was an "employee who [was] eligible or could become eligible to receive a benefit ... from an employee benefit plan" of his employer and that he was also a beneficiary of his wife's 401(k) account. *Id.*, ¶¶ 22-23, 29. Mr. Myers had a right under the Plan and applicable regulations to timely deposits

of his 401(k) contributions, and the Complaint supports a plausible inference that Preston terminated his employment with the specific intent, at least in part, to frustrate this right. *See, e.g., id.* ¶ 26 ("Preston ... failed to make timely remissions to its employee benefit plan of employee contributions in the Winter and Spring of 2023 and thereby interfered with plaintiffs' rights as participants and beneficiaries to timely investment of those contributions."). Because of Preston's alleged unlawful action, Mr. Myers lost his employment and the income and benefits associated with it. These allegations support standing under Section 502(a)(3) of ERISA.

Preston's argument that Mr. Myers lacks standing to bring his claim under Section 510 is also without merit. *See* ECF No. 8, p. 8. Preston contends that Mr. Myers must have "exercised his rights" under Section 510 to have standing to bring this claim. Preston posits that only Mrs. Myers has such standing because only she exercised her rights under the statute and her actions do not impute standing to Mr. Myers. *See* ECF No. 8, p. 7. Preston reasons that "if Congress had intended to extend this protection to anyone not actually participating in these actions, they would have had so through including language in the statute." *Id.* Mr. Myers, however, does not, and need not, rely upon his wife's status or exercise of rights to support his standing. He bases his standing on his own status as a participant and beneficiary of Preston's plan and Preston's termination of his employment—allegedly with the specific to defeat his right to timely remittance of his 401(k) contributions.

Section 510 makes it "unlawful for any person," among other things, "to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary *for exercising any right* to which he is entitled under the provisions of an employee benefit plan, this subchapter, section 1201 of this title, or the Welfare and Pension Plans Disclosure Act, or *for the purpose of interfering with the attainment of any right to which such participant may become entitled under*

6

*the plan*, this subchapter, or the Welfare and Pension Plans Disclosure Act." 29 U.S.C. § 1140 (emphasis supplied). As this language clearly provides, Section 510 prohibits both retaliation motivated by a participants' exercise of "any right to which he is entitled" and retaliation motivated to "interfere[] with the attainment of any right to which such participant may become entitled under the plan...." *Id*. While Preston is correct that the Complaint does not allege that Mr. Myers complained about its failure to timely remit his 401(k) contributions, the facts alleged in the Complaint support an inference that Preston terminated his employment, at least in part, with the specific intent to interfere with his right to timely remittance of his 401(k) contributions. These facts coupled with Mr. Myers' status as a participant and beneficiary of the Plan support his standing to pursue his claim under Section 510 of ERISA.

      B.      The Complaint states a Section 510 claim.

"ERISA is a comprehensive statute designed to promote the interests of employees and their beneficiaries in employee benefit plans." *Shaw v. Delta Air Lines Inc.*, 463 U.S. 85, 90 (1983). Among other things, ERISA includes "various safeguards to preclude abuse and 'to completely secure the rights and expectations brought into being by this landmark reform legislation.'" *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 137 (1990) (quoting S. Rep. no. 93-127, at 36 (1973), 1974 U.S.C.C.A.N. 4838). One of these safeguards is Section 510, ERISA's "anti-retaliation" or "whistleblower" provision.

Section 510 makes it "unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary *for exercising any right* to which he is entitled under the provisions of an employee benefit plan, this subchapter, section 1201 of this title, or the Welfare and Pension Plans Disclosure Act, *or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan*, this

7

subchapter, or the Welfare and Pension Plans Disclosure Act." 29 U.S.C. § 1140 (emphasis supplied). Section 510 also makes it "unlawful for any person to discharge, fine, suspend, expel, or discriminate against any person *because he has given information or has testified or is about to testify in any inquiry or proceeding relating to this chapter* or the Welfare and Pension Plans Disclosure Act." *Id.* (emphasis supplied). Thus, Section 510 prohibits two types of retaliation: (1) adverse action (e.g., employment termination) for "exercising any right to which [the participant] is entitled under the provisions of an employee benefit plan…or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan…", and (2) adverse action (e.g., employment termination) "against any person because he has given information or has testified…in any inquiry or proceeding relating to" ERISA. *Id.*; *see also*, *Kairys v. S. Pines Trucking, Inc.*, 595 F. Supp. 3d 376, 382 (W.D. Pa. 2022) (observing that Section 510 "prohibits employers from discharging or harassing their employees in order to keep them from obtaining employee benefits") (citation omitted), *aff'd*, 75 F.4th 153 (3d Cir. 2023).

An initial reading of the Complaint might lead the reader to conclude that Plaintiffs are proceeding under the second prohibition of Section 510—retaliation against a person because he or she has given information in an inquiry or proceeding relating to ERISA. This interpretation reasonably follows from the allegation that Preston terminated Mrs. and Mr. Myers because Mrs. Myers complained to management about Preston's failure to make timely remittance of employee 401(k) contributions. *See* ECF No. 1, ¶19 (attributing terminations to Mrs. Myers' "insistence as Controller on compliance with [Preston's] legal obligation to timely make participant contributions to their 401(k) accounts…"). Preston apparently read the Complaint as asserting this basis for liability. Proceeding from this assumption, Preston argued that Plaintiffs' Section 510 claim must

be dismissed based on the Court of Appeals for the Third Circuit's holding in *Edwards v. A.H. Cornell & Son, Inc.* that "unsolicited internal complaints are not protected under Section 510 of ERISA....". 610 F.3d 217, 225 (3d Cir. 2010). In *Edwards*, the Court reasoned that such complaints are not considered to have been made in an "inquiry or proceeding" as those terms are used in the statute. *Id.* at 224-25. As Preston correctly noted, this holding effectively precludes Plaintiffs' reliance on the second prohibition of Section 510.

In their brief in opposition to Preston's motion, however, Plaintiffs clarified that they are not proceeding on the second prohibition of Section 510, but rather its first—the prohibition against retaliation for "exercising any right to which [the participant] is entitled under the provisions of an employee benefit plan…or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan…" *See* ECF No. 13, p. 1. This first prohibition was designed to "prevent unscrupulous employers from discharging or harassing their employees in order to prevent them from obtaining their statutory or plan-based rights." *Zipf v. Am. Tel. & Tel. Co.*, 799 F.2d 889, 891 (3d Cir. 1986). Broadly, the provision prohibits employers from taking adverse employment actions with a "benefits-defeating" motive. *Wood v. Prudential Ins.*, 207 F.3d 674, 677 (3d Cir. 2000).

To establish a claim of retaliation under this provision of Section 510, a plaintiff must show: "(1) prohibited employer conduct (2) taken for the purpose of interfering (3) with [the exercise or] the attainment of any right to which the [plaintiff] may become entitled." *Gavalik v. Cont'l Can Co.*, 812 F.2d 834, 852 (3d Cir. 1987) (citing 29 U.S.C. § 1140), *cert. denied*, 484 U.S. 979 (1987)). Prohibited employer conduct is limited to actions affecting the employer-employee relationship. *Stiltner v. Beretta U.S.A. Corp.*, 74 F.3d 1473, 1484 (4th Cir. 1996). Put simply, this provision "proscribes interference with rights protected by ERISA." *Ingersoll-Rand Co.*, 498 U.S.

at 137. Therefore, while a plaintiff need not allege that the sole reason for her termination was to interfere with her rights under an employee benefit plan, the plaintiff must allege facts suggesting that the defendant had a specific intent to interfere with his or her rights and that he or she did not merely suffer an incidental loss of benefits as the result of a termination. *Gavalik*, 812 F.2d at 852 (citations omitted). *See also Chalfont v. U.S. Electrodes*, 2010 WL 5341846, at *10 (E.D. Pa. Dec. 28, 2010). Proof that termination prevented an employee from accruing additional ERISA benefits "alone is not probative of intent." *Jakimas v. Hoffmann–La Roche, Inc.*, 485 F.3d 770, 785 (3d Cir.2007) (citation omitted).

In the present case, the Complaint fairly posits that Preston terminated both Mrs. and Mr. Myers in retaliation for Mrs. Myers' exercising her right to Preston's timely remittance of employee contributions to the Plan *and* to frustrate their right to such timely remittances under the Plan and applicable regulations. They allege that "Preston [ ] failed to make timely remissions to its employee benefit plan of employee contributions … thereby interfere[ing] with plaintiffs' rights as participants and beneficiaries to timely investment of those contributions" ECF No. 1, ¶ 26. The fact that Preston belatedly remitted contributions does not negate that both Mrs. and Mr. Myers were denied their right to timely remittance, and the timing and circumstances of Preston's terminations of Mrs. and Mr. Myers are sufficient to support an inference that Preston had a specific intent to interfere in their rights under the Plan. Among other things, Preston's termination of the Plaintiffs eliminated their rights to timely remittances of 401(k) contributions withheld from their paychecks. It also removed Mrs. Myers from a position from which she could monitor and insist on the company's compliance with its obligations under the Plan and applicable regulations. Plaintiffs' factual allegations and the inferences they reasonably support are sufficient to state a claim for violation of Section 510 of ERISA.

V.   Conclusion

Defendant's motion to dismiss will be denied.  A separate order will follow.

DATED this 3rd day of September, 2025.

BY THE COURT:

_____
RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE
